Binenstock *v.* White House Baking Co., Appellant.

Argued November 14, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Whitmore, JJ.

*Edw. Fischer* of *Rose and Fischer,* for appellant.

*Emanuel Moss* of *Moss & Moss,* for appellee.

OPINION BY TREXLER, P. J., March 13, 1931:

This is an action of assumpsit. Plaintiff seeks to recover payment for flour sold by him to the defendant company. He filed a statement to which he appends "a true and correct" copy of his books of original entry. The defendant in his affidavit of defense denies that the alleged copy of the book of original entry is correct, that the brand of flour to be delivered is set forth in each item in the original book, but not designated in plaintiff's statement, and that in five of the items, the flour was to be Wingold and that although furnished in "Wingold" bags, so labelled, the Wingold flour had been removed and an inferior, misbranded, and adulterated flour substituted, contrary to the Act of Assembly of May 13, 1909, P. L. 520.

If it be true that the books of original entry mentioned the brand of flour to be delivered, it would seem that there is a serious omission in not designating the particular brand of flour to be furnished in the copy attached to plaintiff's statement. The law requires that if the action is on a book account, there shall be a copy of the book entries attached. Certainly, there is a material difference between a contract to deliver any kind of flour, or a particular kind. If any material matter is omitted in the copy of the book entries, there is no compliance with the act. However, the defendant has in his defense given the correct entries, at least for present purposes, we assume he has.

The affidavit of defense leaves much to be desired, but there is a positive statement that the flour contracted for was not delivered and that there was a

violation of the law arising from the fact that the brand "Wingold," was on the outside of the bag, while the inside contained an inferior quality of flour. The courts will not lend their aid when the sale is founded on a violation of the law. Whether this is a proper case for the application of that principle can best be decided after the facts are developed. Sufficient is alleged by the defendant to entitle him to go to trial. We think the court erred in entering summary judgment in favor of the plaintiff.

The defendant filed a counter-claim in which he claimed damages for loss of customers and the profits thereby lost, and compensatory damages. His whole claim being for a loss of good will of $5,130.20, and exemplary damages for $50,000. Of course, this exceeds the jurisdiction of the municipal court. The action of the lower court in striking off the counter-claim, was correct.

The order of the court making the rule for judgment for want of sufficient affidavit of defense absolute is reversed. The order striking off defendant's counter-claim is affirmed without prejudice.